DAVID W. SCHWENK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schwenk v. Commissioner
Docket No. 13687-93
United States Tax Court
T.C. Memo 1995-160; 1995 Tax Ct. Memo LEXIS 157; 69 T.C.M. (CCH) 2368; April 10, 1995, Filed An order granting respondent's motion and decision for respondent will be entered. David W. Schwenk, pro se. For respondent: Keith L. Gorman. COHEN
COHEN
MEMORANDUM OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Sec.
Sec.
Sec.
Year
Deficiency
6653(b)(1)
6653(b)(2)
6653(b)(1)(A)
1985
$ 51,558
$ 25,779.00
50% of the
interest due
--
on $ 51,558
1986
8,024
--
--
$ 6,018.00
1987
75,877
--
--
56,907.75
1988
15,465
11,598.75
--
--
Additions to Tax
Sec.
Sec.
Year
6653(b)(1)(B)
6661
1985
--
$ 12,889.50
1986
50% of the  2,006.00
interest due
on $ 8,024   1987
50% of the  18,969.25
interest due
on $ 75,877  1988
--
3,866.25
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. When this case was first called for trial, petitioner failed to appear. Prior to the trial date, petitioner signed a letter in which he stated: "I hereby concede *158 the case in full." Accordingly, the Court ordered submission of a stipulated decision. Thereafter, petitioner refused to sign the stipulated decision, asserting that he did not understand the effect of his concession. Respondent then moved for summary judgment, relying on petitioner's failure to respond to requests for admissions previously served pursuant to Rule 90. The motion for summary judgment was set for hearing, and petitioner again failed to appear, although he submitted a written response to the pending motion. As discussed below, he has not raised any genuine issue as to any material fact. Summary judgment, therefore, is appropriate under Rule 121. Facts Deemed Admitted
From 1985 through 1988, petitioner was self-employed as an insurance agent. He sold insurance for Farm Family Insurance Company. He maintained certain records regarding his business, but he refused to provide them to the Internal Revenue Service. The records were insufficient to establish the correct amount of petitioner's income for the years in issue. During 1985, 1986, 1987, and 1988, petitioner received insurance and annuity premium payments from various individuals totaling $ 117,736, *159 $ 20,799, $ 200,888, and $ 46,921, respectively. These amounts were not reported on his Federal income tax returns for those years. He reported as gross receipts from his insurance sales only amounts shown on Forms 1099 from various insurance company payors. Petitioner did not remit to Farm Family Insurance Company the amounts received and not reported as set forth above. He opened, operated, and controlled a bank account in the name of Farm Family Insurance Company. He retained available for his own use all of the amounts received as set forth above except business payments made in the amount of $ 13,333 in 1985, $ 29,575 in 1986, $ 19,296 in 1987, and $ 9,812 in 1988. Petitioner falsified business records and submitted them to Farm Family Insurance Company and to the affected insureds. As a result of his diversion of amounts received for but not remitted to Farm Family Insurance Company, petitioner was indicted by a New Jersey State Grand Jury. On June 14, 1991, he pled guilty to theft by failure to make the required disposition of property received, theft by deception, and falsifying records. Petitioner understated his taxable income on his Federal income tax returns for *160 1985, 1986, 1987, and 1988 in the amounts of $ 117,682, $ 20,798, $ 200,888, and $ 46,864, respectively. He understated his income tax liabilities for 1985, 1986, 1987, and 1988 in the amounts of $ 51,558, $ 8,024, $ 75,877, and $ 15,465, respectively. Petitioner's diversion of income, failure to report income, falsification of records, use of a bank account in the name of Farm Family Insurance Company, and failure to produce records to respondent were fraudulent with intent to evade tax. Petitioner underpaid his income taxes for 1985, 1986, 1987, and 1988 due to fraud. Petitioner also failed to report $ 200 of $ 2,998 in interest income paid to him in 1986 by First Fidelity Bank. Discussion
Respondent bears the burden of proving fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Respondent may establish fraud by relying on facts deemed admitted under Rule 90(c). ; ; see also , affg. , *161 affg. . The addition to tax for fraud is a civil sanction intended to safeguard the revenue and to reimburse the Government for the heavy expense of investigation and for the loss resulting from a taxpayer's fraud. . Respondent has the burden of proving, by clear and convincing evidence, an underpayment and that some part of the underpayment was due to fraud. See sec. 6653(b)(1) and (2). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of taxes that are due. Fraud may be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. In this case, it has been established that petitioner received income from wrongful diversion of funds, that he failed to maintain or produce records, that he engaged in conduct intended to conceal, and that he understated his income and his tax liability on his returns for a period *162 of 4 years. Petitioner has failed to refute the material facts on which respondent's fraud claims are based. He has also failed to show any error in respondent's computation of the deficiencies. He has given us no reason to deny respondent's motion. Respondent's motion will be granted. An order granting respondent's motion and decision for respondent will be entered.